IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**SAMUEL JAY JOHNSON,**

        **Plaintiff,**

    v.                        CASE NO.  13-3023-SAC

**KELLY HUGHES,**

        **Defendants.**

### O R D E R

This pro se civil complaint was filed pursuant to 42 U.S.C. § 1983 by an inmate of the Wilson County Correctional Facility, Fredonia, Kansas (WCCF).  Plaintiff names as defendant Kelly Hughes, "Seargeant and Head of kitchen" at the WCCF.

### FILING FEE

The statutory fee for filing a civil rights complaint is $350.00.  Plaintiff has submitted an Application to Proceed Without Prepayment of Fees (Doc. 2).  Having considered the motion together with the attached financial information, the court finds that plaintiff presently lacks funds to pay the fee in full or in part.  Accordingly, the motion is granted.  Plaintiff is forewarned that under 28 U.S.C. § 1915(b)(1), being granted leave to proceed without prepayment of fees does not relieve him of the obligation to pay the full amount of the filing fee.  Instead, it entitles him to pay the fee over time through payments automatically deducted from his inmate

trust fund account as funds become available pursuant to 28 U.S.C.
§ 1915(b)(2).[1]

**ALLEGATIONS AND CLAIMS**

As the factual background for this lawsuit, plaintiff alleges the following. He follows a strict religious diet. For months he was falsely informed that none of the food at the WCCF contained pork. He then found out that he had been given pork not turkey. "Staff" tried to pretend they didn't know plaintiff was on a religious diet, but he had stated that he was at booking. He put his diet restrictions in writing and complained for months, but they still did not get it right. Then defendant Hughes told him he would be fed oatmeal at every meal. Plaintiff exhausted administrative remedies but was told that nothing could be done. He was fed oatmeal at every meal for a week, then he was given normal food. He was told that if he complained regarding his religious diet again he would get oatmeal for all meals indefinitely. He had bowel trouble and blood in his stool from eating oatmeal for every meal. His religious beliefs are questioned and ridiculed, and he is accused of making up a religion just to get special food.

As Count I of his complaint, Mr. Johnson claims that his right

---

[1] Pursuant to § 1915(b)(2), the Finance Office of the facility where plaintiff is currently confined is authorized to collect twenty percent (20%) of the prior month's income each time the amount in plaintiff's institution account exceeds ten dollars ($10.00) until the filing fee has been paid in full.

2

to practice his religion is being violated and that feeding him oatmeal every meal violates the Eighth Amendment.

Plaintiff requests that the people involved should be fired and/or jailed. He also asks to be "shown proof" that the food he is served does not contain products that are prohibited by his religious beliefs. In addition, he believes he is entitled to "monetary dispersement (sic)" from the facility, the staff and Wilson County.

**SCREENING**

Because Mr. Johnson is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim upon which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48-49 (1988)(citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The court accepts all well-pleaded allegations in the complaint as true.

*Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006).

**DISCUSSION**

Plaintiff mentions many names in the body of his complaint and alleges that they either told him there was nothing to be done or refused to give him anything but oatmeal. However, plaintiff names only Kelly Hughes in the caption of his complaint and provides defendant information for Hughes only. Accordingly, this action will proceed against defendant Hughes. Plaintiff may not recover money damages from any person or county entity that is not named as a defendant.

This court has no authority to fire county employees or to initiate criminal proceedings against them. Accordingly, plaintiff is not entitled to this requested relief in this lawsuit. The court finds that a responsive pleading is required.

**IT IS THEREFORE BY THE COURT ORDERED** that plaintiff's Application for Leave to Proceed without Prepayment of Fees (Doc. 2) is granted. Plaintiff is hereby assessed the full filing fee of $350.00, and the Finance Office of the Facility where plaintiff is currently incarcerated is directed to collect from plaintiff's inmate account and pay to the clerk of the court twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until plaintiff's outstanding filing fee obligation has been paid in full. Plaintiff is directed

4

to cooperate fully with his custodian in authorizing disbursements to satisfy the filing fee, including but not limited to providing any written authorization required by the custodian or any future custodian to disburse funds from his account.

**IT IS FURTHER ORDERED** that the clerk of the court shall prepare summons and waiver of service forms pursuant to Rule 4(d) of the Federal Rules of Procedure, to be served on defendant by a United States Marshal or a Deputy Marshal at no cost to plaintiff absent a finding by the court that plaintiff is able to pay such costs.

Copies of this Order shall be transmitted to plaintiff, to defendant, to the office of the Wilson County District Attorney, and to the Finance Officer at the institution where plaintiff is currently incarcerated.

**IT IS SO ORDERED.**

Dated this 27th day of February, 2013, at Topeka, Kansas.

s/Sam A. Crow  
U. S. Senior District Judge