# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

SAMUEL JAY JOHNSON,  )
            )
        Plaintiff,  )
            )
v.          )
            )  Case No. 13-3023-CM
KELLY HUGHES,   )
            )
        Defendant.  )
            )

## MEMORANDUM AND ORDER

Plaintiff Samuel Jay Johnson filed this civil rights action pro se on February 8, 2013. Despite being on file for over a year, the case has progressed little. The magistrate judges assigned to the case have yet to successfully conduct a scheduling conference because of plaintiff's repeated failure to participate. Most recently, plaintiff failed to participate in both a Rule 26(f) planning conference, as well as a telephone scheduling conference with the court. After the missed conference call, Magistrate Judge Teresa J. James entered an order directing plaintiff to show cause why the case should not be dismissed for failure to prosecute. But plaintiff did not timely respond to the order. The case is now before the court for consideration of whether dismissal is appropriate.

## Case History

The following timeline represents a brief summary of plaintiff's participation in this case (or lack thereof):

- **July 12, 2013:** Magistrate Judge David J. Waxse set a telephone scheduling conference for September 5, 2013, and ordered the parties to participate in a Rule 26(f) planning conference no later than August 22, 2013.

- **August 15, 2013:** Defense counsel sent a letter to plaintiff, informing him that she did not have current contact information for him. Counsel included a proposed planning report.

- **August 29, 2013:** Defense counsel submitted the proposed planning report to Judge Waxse without the benefit of plaintiff's input. Counsel explained to Judge Waxse that she had not received any communication from plaintiff.

- **September 4–5, 2013:** Judge Waxse cancelled the scheduling conference and ordered plaintiff to show cause why the case should not be dismissed for lack of prosecution.

- **September 6, 2013:** Plaintiff emailed the Clerk's Office, providing a new mailing address.

- **September 27, 2013:** Plaintiff responded to the order to show cause.

- **October 29, 2013:** The undersigned judge found that dismissal was not warranted, but admonished plaintiff that "he must keep his contact information updated and respond in a timely fashion to the court and to inquiries from defense counsel if he does not want the court to consider dismissing the case for lack of prosecution at a later date." (Doc. 19.)

- **November 6, 2013:** Judge Waxse set another scheduling conference for January 13, 2014, and ordered the parties to submit their planning report and Rule 26(a) disclosures by January 6, 2014.

- **December 4, 2013:** Defense counsel sent another proposed report to plaintiff by mail.

- **December 18, 2013:** Defense counsel followed up by email.

- **December 19, 2013:** Defense counsel wrote plaintiff another letter, advising plaintiff that she would call him at 2:00 p.m. on December 23, 2013. Counsel also emailed the information to plaintiff and called him. Plaintiff did not answer.

- **December 23, 2013:** Defense counsel called plaintiff, but plaintiff was unavailable.

- **January 6, 2014:** Defense counsel again wrote Judge Waxse, including a proposed Report of Parties' Planning Meeting without plaintiff's input.

- **January 13, 2014:** Defense counsel joined the phone conference but plaintiff did not. Plaintiff also was not available at the number he gave the court in September 2013.

- **January 24, 2014:** Judge James entered an order to show cause why the case should not be dismissed. Plaintiff's deadline to respond was February 10, 2014.

- **January 29, 2014:** A certified mail receipt was returned with a signature that appears to match plaintiff's signature on his complaint.

- **February 10, 2014:** The deadline to show cause passed with no response by plaintiff.

## Analysis

Under Fed. R. Civ. P. 41(b) and D. Kan. R. 41.1, the court may dismiss an action if the plaintiff fails to comply with a court order or the Federal Rules of Civil Procedure, or if the plaintiff fails to prosecute his case. A Rule 41(b) dismissal is equivalent to an adjudication on the merits and is with prejudice, meaning that plaintiff cannot re-file his claims. Fed. R. Civ. P. 41(b). When evaluating grounds for dismissal of an action, the court looks to the following factors:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

*Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (internal citations omitted). The court examines each of these factors below.

First, the court determines that defendant has been prejudiced by plaintiff's lack of participation. Defense counsel has engaged in numerous attempts to contact plaintiff and comply with court orders. Plaintiff has not responded. Defendant has had plaintiff's allegations pending in an open court case for over a year, with no end in sight. Plaintiff, on the other hand, has shown little interest in

pursuing his claims or following court orders. His actions have resulted in unreasonable prejudice to defendant. This factor weighs in favor of dismissal.

Second, plaintiff has unreasonably interfered with judicial process. The court has an interest in making sure cases have forward progression. To effectively manage its caseload, the court requires scheduling orders and needs to be able to contact the parties. The magistrate judges have attempted twice to implement a scheduling order so that plaintiff's claims can be heard. The undersigned judge has had to consider twice whether plaintiff's case should be dismissed. Plaintiff has been nonresponsive and disrespectful of the court's time. This factor also weighs in favor of dismissal.

Third, the court finds plaintiff culpable for his conduct. Initially, it seemed reasonable to believe that plaintiff had again moved, but failed to update his contact information with the court or defense counsel. This alone would have been contrary to the court's prior admonition. But the certified mail receipt returned on January 29, 2014 tells a different story. The receipt suggests that plaintiff has not, in fact, moved. The signature on the receipt appears to match that on plaintiff's complaint. Upon comparison of the two documents, the court can reach only one reasonable conclusion: Plaintiff has been intentionally ignoring correspondence and orders. This behavior demonstrates plaintiff's culpability, and the third factor also weighs in favor of dismissal.

Fourth, the court has warned plaintiff three times that his case might be subject to dismissal. Both orders to show cause advised plaintiff of the possibility of dismissal, as did this court's order filed October 29, 2013. This factor supports dismissal.

Finally, the court is unaware of another sanction that would be effective. Plaintiff filed his case in forma pauperis and proceeds pro se. The court has no reason to believe that he would be able to pay a monetary sanction or would be inclined to follow a court order to do so. Dismissal appears to be the most appropriate sanction under the circumstances.

Plaintiff has failed to prosecute his case. He has ignored defense counsel and the court. And these actions appear to be deliberate. Furthermore, the court has warned plaintiff that his actions might result in dismissal, and the court doubts that another sanction would be effective. Based on plaintiff's behavior and its impact, the court determines that the case should be dismissed with prejudice for lack of prosecution.

**IT IS THEREFORE ORDERED** that this case is dismissed with prejudice for failure to prosecute.

The case is closed.

Dated this 7th day of May, 2014, at Kansas City, Kansas.

        s/ Carlos Murguia
        **CARLOS MURGUIA**
        **United States District Judge**